[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Clarification of Memorandum of Decision Dated October 22, 1996
The judgement of dismissal of the petition to terminate the parental rights of the parents of Passionique T. (PT), which had been filed by the Department of Children and Families (DCF) on April 28, 1996, pertains only to the rights of the child's mother, Linda T. The parental rights of the unacknowledged putative father, Eddie L., had been duly terminated on the first day of trial on this matter, September 26, 1996. That order, which terminated whatever rights he may have had as an unacknowledged putative father, was based upon his written and verbally confirmed consent which was, on that date, found to have been given voluntarily, knowingly and with advice of counsel. The order of termination of his parental rights was not conditioned upon any subsequent order terminating the rights of the child's mother, and thus was in no way modified, mitigated or canceled by reason of the fact that that portion of the petition which sought termination of the mother's parental rights was dismissed.
The order terminating the parental rights of Eddie L. in the child PT ended all rights and obligations of the putative father in and to that child, leaving Linda T. the ". . . sole parent and, unless otherwise provided by law, guardian of the person." (Subsection (i) of Sec. 45a-717, Conn. Gen. Stats., Rev. 1995.) Since PT is currently a child committed to DCF, that agency holds both custody and guardianship pursuant to subsection (d) of Sec.46b-129, but Linda T., as the sole remaining parent, continues to possess the rights to seek return of custody and guardianship, to visit and be visited by the child, and to be informed on a regular basis of the child's location and condition, rights no longer possessed by Eddie L. She will continue to enjoy these rights unless and until, at some time in the future, in another action initiated by DCF or the child's attorney, her parental rights should similarly be terminated. Then, and only then, would PT be available for adoption.
Entered at Bridgeport this 25 day of November, 1996
Frederica S. Brenneman, Judge